# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 6, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| CAROL KATORA, | * | |
| | * | No. 16-1086V |
| Petitioner, | * | |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Reasonable Attorneys' Fees and Costs; |
| | * | Influenza ("flu") vaccine; Optic |
| Respondent. | * | Neuritis. |
| | * | |
| * * * * * * * * * * * * * * | * | |

Lawrence R. Cohan, Anapol Weiss, Philadelphia, PA, for petitioner.
Lara Ann Englund, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 16, 2017, Carol Katora ("petitioner") filed a motion for attorneys' fees and costs, requesting $35,014.00 in attorneys' fees for her counsel, Lawrence R. Cohan and David J. Carney of Anapol Weiss, and $4,287.40 in costs, for a total of $39,301.40. Petitioner's Application ("Pet. App.") dated Aug. 16, 2017 (ECF No. 31) at 2. Petitioner did not incur any out-of-pocket expenses related to the litigation. Id. On August 21, 2017, respondent filed a general response in which he deferred to the undersigned's discretion in awarding an appropriate amount of fees and costs. Respondent's Response ("Resp. Res.") dated August 21, 2017 (ECF No. 32). Petitioner did not file a reply. For the reasons discussed below, the undersigned GRANTS petitioner's application for attorneys' fees and costs and awards a total of $39,301.40.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

1

## I. Procedural History

On August 31, 2016, Carol Katora ("petitioner") filed a petition in the National Vaccine Injury Compensation Program[2] alleging that she suffered optic neuritis as the result of an influenza vaccination she received on October 21, 2015.  Petition at Preamble.  On June 1, 2017, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation.  On June 1, 2017, the undersigned issued a decision based on the parties' stipulation awarding petitioner $132,537.45.  Decision dated June 1, 2017 (ECF No. 26).

## II. Reasonable Attorneys' Fees

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. §300aa-15(e)(1).  In this case, petitioner was awarded compensation and therefore is entitled to an award of reasonable attorneys' fees and costs.

Petitioner requests $400.00 per hour to compensate Mr. Lawrence Cohan for work he performed in 2016 and 2017.  Petitioner further requests $275.00 per hour to compensate Mr. David Carney for work performed between June and September 2016, and $290.00 per hour for work performed from September 2016 through August 2017.  The firm also requests $145.00 per hour for paralegal work performed in 2016 and 2017.  All of these hourly rates fall within the Office of Special Masters' 2016 and 2017 Fee Schedules.[3]

Special Master Gowen has previously found the above requested hourly rates of Mr. Cohan and Mr. Carney to be reasonable.  M.G. v. Sec'y of Health & Human Servs., No. 15-344V, 2017 WL 1228701 (Fed. Cl. Spec. Mstr. March 7, 2017).  The undersigned agrees with Special Master Gowen's reasoning and awards the requested rates in full.

After reviewing petitioner's application and supporting documentation, including counsel's billing records, the undersigned finds the work performed and time expended reasonable and compensates petitioner in full.[4]

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The hourly rates contained within are from the decision McCulloch v. Sec'y of Health & Human Servs., No. 09-093V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] Counsel should note that billing records should contain separate billing entries for each task billed, so as to avoid block billing.  Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored.  Broekelschen v. Sec'y of

### III. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner's counsel requests $4,287.40 in attorneys' costs for expenses incurred by the firm. Pet. App. at 16. This includes payment of the filing fee, medical records, postage, and Mr. Carney's transportation costs to and from Harrisburg. Id. Petitioner's request also includes payment of $3,000.00 for the services of Dr. Michael Altman, M.D. Dr. Altman submitted an invoice detailing that he spent a total of 6 hours of work on the case, billed at $500.00 per hour, during which time he reviewed petitioner's medical records and drafted an expert report. Pet. App. at 18. The undersigned finds these costs reasonable and awards them in full.

### IV. Conclusion

Based on all of the above, the undersigned finds that petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

**Attorneys' Fees**
Requested:            $35,014.00
Reductions:              ($0.00)
Awarded:              $35,014.00

**Attorneys' Costs**
Requested:             $4,287.40
Reductions:              ($0.00)
Awarded:               $4,287.40

**Total Fees and Costs**
Total Award:          $39,301.40

**The undersigned thus awards compensation for attorneys' fees and costs in the form of a check payable jointly to petitioner, Carol Katora, and her attorney, Lawrence R. Cohan, in the amount of $39,301.40.**

---

Health & Human Servs., 2008 U.S. Claims LEXIS 399 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) at **13-14 (reducing petitioner's attorneys' fees and criticizing her for block billing); see also Jeffries v. Sec'y of Health & Human Servs., 2006 U.S. Claims LEXIS 411, *8 (Fed Cl. Spec. Mstr. Dec. 15, 2006); Plott v. Sec'y of Health & Human Servs., 1997 U.S. Claims LEXIS 313, *5 (Fed. Cl. Spec. Mstr. April 23, 1997). Indeed, the Vaccine Program's Guidelines for Practice state, "Each task should have its own line entry indicating the amount of time spent on that task. Several tasks lumped together with one time entry frustrates the court's ability to assess the reasonableness of the request." Office of Special Masters, Guidelines for Practice Under the National Vaccine Injury Compensation Program (Rev. Ed. 2004) § XIV.A.3.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[5]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.